# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARITA MADISON,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-997 |
| **HOUSING AUTHORITY OF, BALTIMORE CITY,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On April 22, 2021, Plaintiff Charita Madison ("Madison" or "Plaintiff") filed this civil action against her former employer Defendant Housing Authority of Baltimore City ("HABC" or "Defendant") seeking damages and other legal relief for the Defendant's alleged violation of her rights under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 1210, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 28 U.S.C. § 794. (ECF No. 1.) She asserts claims for failure to make reasonable accommodations, discrimination, and retaliation under each statute. (*Id.*) Presently pending is the Defendant HABC's Motion to Dismiss or in the Alternative, for Summary Judgment (ECF No. 3). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the Defendant's Motion, construed as a motion to dismiss, is DENIED.

## BACKGROUND

1

This Court accepts as true the facts alleged in the Plaintiff's Complaint (ECF No. 1). *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Madison is a Maryland citizen and resident of Baltimore City, Maryland. (ECF No. 1 ¶ 1.) Defendant HABC is a public body corporate and politic created under the laws of the State of Maryland. (*Id.* ¶ 2.) Madison was hired by HABC as a Maintenance Technician and began working for the company in March of 2018. (*Id.* ¶ 10.) In June of 2019, and in January of 2020, Madison injured her back and shoulders while working as a Maintenance Technician. (*Id.* ¶ 12.) After each of these injuries, Madison's medical providers determined she could not work, and she took short-term disability leave. (*Id.* ¶ 13.) After taking these temporary leaves, Madison was able to return to work with light duty restrictions. (*Id.* ¶ 14.) Following the June 2019 injury, she returned on October 29, 2019. (*Id.*) Following the January 2020 injury, she returned on June 28, 2020. (*Id.*) As a result of each injury, Madison filed claims with the Maryland Workers' Compensation Commission. (*Id.*) She also allegedly filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 27, 2020, alleging that she was being retaliated against by HABC.[1] (*Id.*)

When Madison returned to work on June 28, 2020 with light duty work restrictions, she made a request for reasonable accommodation, and HABC accommodated her disability. (*Id.* ¶ 15.) Specifically, she was transferred from her Maintenance Technician position to an available position that fit within her work restrictions. (*Id.*) Madison's injuries to her back and shoulders limited her ability to lift more than twenty-five pounds, hold her arms above her

---

[1] The outcome of any proceedings related to the alleged January 2020 Charge are not included in the record in this case.

head, kneel and stand back up, grab items in overhead cabinets and compartments, drive, and perform other basic life functions like getting dressed. (*Id.* ¶ 20.)

On September 28, 2020, HABC sent the Plaintiff a letter stating that it was not going to continue to accommodate her disability and that if she wanted to continue working for the company, she would need to either: (1) apply for Family and Medical Leave Act ("FMLA") leave; (2) submit medical documentation clearing her to return to work "full duty;" or (3) re-submit a reasonable accommodation request. (*Id.* ¶ 16.) In October of 2020, Madison re-submitted her reasonable accommodations request. (*Id.*) HABC continued accommodating her until December 21, 2020. (*Id.*) On that day, HABC again notified Madison that it was not going to continue accommodating her and stated that she was "not allowed to report to work until [she had] a clearance from a doctor to return to work at full duty." (*Id.*)

Upon receipt of the December 21, 2020 letter, Madison contacted her doctor and re-submitted a request for reasonable accommodation on December 23, 2020. (*Id.* ¶ 17.) That request was denied. (*Id.*) Madison then began applying for available positions within HABC that fit within her work restrictions. (*Id.*) However, HABC denied all her applications, stating that her applications included "fraudulent information." (*Id.* ¶ 17.) According to the Defendant, the Plaintiff inconsistently represented her previous work for HABC—in one application she stated that she had previously worked for HABC but had resigned, while on another she did not indicate she had ever worked for the company. (ECF No. 3-1 at 7.) Madison, however, alleges that the HABC online applications did not have any option for her to select that she was a current employee of the company. (Madison Decl., ECF No. 4-1 ¶ 15.)

3

On February 15, 2021, Madison sent an email to several of the Defendant's employees explaining that she was "prepared to return for work" and that her "restrictions [were] minimal." (ECF No. 1 ¶ 18.) She also attached a "Disability Certificate" to such correspondence, which shows that she was permitted to return to work with light duty restrictions. (*Id.*) The Defendant responded in a letter on February 19, 2021, stating that Madison's employment would be terminated effective February 23, 2021 because she had not appeared for her Maintenance Technician job from February 16, 2021 through February 19, 2021. (*Id.* ¶ 19.) Madison alleges that she had informed the Defendant that she could not return to her Maintenance Technician job at that time because of her disability and her light duty restrictions. (*Id.*)

On February 24, 2021, the Plaintiff promptly filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, failure to accommodate, and retaliation claims under the Americans with Disabilities Act ("ADA"). *See* No. 531-2021-00660. On April 20, 2021, the EEOC issued a "Notice of Right to Sue" letter to Madison. (ECF No. 1 ¶ 8.) She then promptly filed this civil action against the Defendant on April 22, 2021, seeking damages and other legal relief for the Defendant's alleged violation of her rights under the ADA, 42 U.S.C. § 1210, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 28 U.S.C. § 794. (ECF No. 1.) She asserts claims for failure to make reasonable accommodations, discrimination, and retaliation under each statute. (*Id.*)

On June 1, 2021, the Defendant filed a Motion to Dismiss or in the Alternative, for Summary Judgment, arguing that Section 504 does not apply to Madison's employment claims,

and that with respect to her claims under the ADA, she has failed to allege the essential elements of her claims. (ECF Nos. 3, 3-1.) The Plaintiff filed a Response in Opposition to the Defendant's Motion on June 15, 2021. (ECF No. 4.) On June 29, 2021, the Defendant withdrew its arguments related to Section 504, acknowledging that the Supreme Court has clearly held that the statute applies to "all programs receiving federal financial assistance" as such application "fits the remedial purpose of the Rehabilitation Act 'to promote and expand employment opportunities' for the handicapped." (ECF No. 5 (quoting *Consolidated Raul Corp. v. Darrone*, 465 U.S. 624, 634-35 (1984)). HABC now asserts that the Plaintiff's claims under Section 504 are without merit for the same reasons her claims fail under the ADA. (*Id.*)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint

5

must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

**ANALYSIS**

Defendant HABC asserts that this Court should dismiss the Plaintiff's Complaint for three main reasons: (1) Madison is not a qualified individual under the ADA or Section 504 of the Rehabilitation Act; (2) Madison has not established that HABC's proffered reason for her termination was pretextual, as the company reasonably accommodated Madison and applied its written business policy; and (3) Madison did not engage in any protected activity which would give rise to a claim for retaliation. (ECF Nos. 3-1, 5.) Each of these arguments is without merit.

First, Madison has sufficiently alleged that she is a qualified individual within the meaning of the ADA and the Rehabilitation Act. As a threshold matter, in an ADA claim, a plaintiff bears the burden of showing he or she is a qualified individual with a disability. *See Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014). Similarly, to establish a *prima facie* claim under the Rehabilitation Act, a plaintiff must show that he or she qualifies as an individual with a disability. *See Brady v. Bd. of Educ. of Prince George's Cnty.*, 222 F. Supp. 3d 459, 468 (D. Md. Dec. 7, 2016). In general, "'[e]mployment discrimination claims brought under Section 504 are evaluated using the same standards as those applied under

6

[T]itle 1 of the Americans with Disabilities Act of 1990.'" *Id.* (quoting *Reyazuddin v. Montgomery Cnty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal quotation and citation omitted)).

The term "qualified individual" is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "reasonable accommodation" is defined to include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities," as well as "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9). Defendant HABC contends that the Plaintiff's claims in this case fail because she admits in the Complaint that she is disabled but not qualified to perform her position as a Maintenance Technician by stating that she could not lift more than twenty-five pounds, lift her arms above her head, kneel and stand back up, etc. (ECF No. 3-1 at 16.) The Defendant asserts that such restrictions, "by their very nature, prohibit her from performing the essential functions of her maintenance technician job." (*Id.* at 17.)

However, the Defendant ignores the language in the definition of "reasonable accommodation" that such an accommodation includes "reassignment to a vacant position." *See* 42 U.S.C. § 12111(9). Noting the inclusion of such language in the ADA definition, Judge Gallagher of this Court has previously noted that "'the definition of "qualified individual with a disability" includes employees who could perform the essential functions of a reassignment

position, with or without a reasonable accommodation, even if they cannot perform the essential functions of their current position.'" *Easton v. Aberdeen Police Dep't*, No. SAG-19-3650, 2020 WL 6390656, at *1 (D. Md. Oct. 27, 2020) (quoting *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 633 (6th Cir. 1999)). In this case, Madison alleges that she could perform the various other positions to which she applied. (ECF No. 1 ¶ 17.) The Defendant's contention that Madison could not specifically perform the typical tasks of a Maintenance Technician fails to address the issue of whether she could perform other jobs available within HABC.

Second, HABC argues that Madison has failed to allege pretext. (ECF No. 3-1 at 17.) In general, where a "plaintiff establishes a prima facie case of unlawful discrimination, 'a presumption of illegal discrimination arises, and the burden of production shifts to the employer' to produce evidence of a legitimate, non-discriminatory reason for its adverse action." *Equal Emp. Opportunity Comm'n v. Mfrs. & Traders Tr. Co.*, 429 F. Supp. 3d 89, 119-20 (D. Md. 2019) (quoting *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011)). HABC asserts that it has offered a legitimate nondiscriminatory reason for terminating Madison, namely that she did not appear for work in February of 2021. (ECF No. 3-1 at 17-18.) According to the Defendant, Madison was terminated from her position at HABC after the company fairly applied its Work-Related Injuries/Accident Policy, allowing her to take FMLA leave, work for ninety days under temporary modified duty assignment, and then take unpaid leave. (*Id.*) In accordance with that internal policy, HABC required Madison to return to work, and when she did not, she was terminated. (*Id.* at 18.)

Nevertheless, as Madison aptly notes, "[a] plaintiff may demonstrate pretext by showing 'such weakness, implausibilities, inconsistencies, incoherencies, or contradictions in

the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence.'" *Fordyce v. Prince George's Cnty. Md.*, 43 F. Supp. 537, 550 (D. Md. 2014) (quoting *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1206 (10th Cir. 2000)). In this case, Madison alleges that HABC was aware that she was unable to perform the essential functions of a Maintenance Technician in February of 2021, but it still insisted that she needed to return to the job, otherwise she would be terminated. (ECF No. 1 ¶¶ 18-19.) Madison contends that "HABC literally created a situation so that it could seemingly have an excuse to legitimize" her termination, "all the while ignoring various accommodations for [her], including allowing her to remain on leave until she could return to the Maintenance Technician position or transferring her to a new position." (ECF No. 4 at 19.) As the United States Court of Appeals for the Fourth Circuit has recently noted, the duty to provide reasonable accommodation "'is a continuing one' that cannot be 'exhausted by one effort.'" *Wirtes v. City of Newport News*, 996 F.3d 234, 239 n.8 (4th Cir. 2021) (quoting *Ralph v. Lucent Techs., Inc.*, 135 F.3d 166, 171-72 (1st Cir. 1998)). At this stage in the litigation, Madison's allegations with respect to pretext are sufficient to state a plausible claim for relief.

Finally, the Defendant asserts Madison's claims for retaliation under the ADA and Section 504 of the Rehabilitation Act fail because she has not alleged that she engaged in a protected activity. (ECF No. 3-1 at 20-22.) To establish a *prima facie* retaliation claim under the ADA or the Rehabilitation Act, a plaintiff must establish that: (1) she engaged in a protected activity; (2) her employer took adverse employment action against her; and (3) that the protected activity was causally connected to the adverse action. *See Munoz v. Baltimore Cnty., Md.*, RDB-11-2693, 2012 WL 3038602, at *10 (D. Md. July 25, 2012) (citing *Cepada v. Bd. of*

9

*Educ. of Baltimore Cnty.*, 814 F. Supp. 2d 500, 514-515 (D. Md. 2011)) (internal citation omitted) (stating requirements of *prima facie* claim for retaliation under ADA); *Works v. Colvin*, 93 F. Supp. 3d 405, 417 (D. Md. 2015) (citing *Hooven-Lewis v. Caldera*, 249 F. 3d 259, 272-74 (4th Cir. 2001)) (stating requirements of *prima facie* claim for retaliation under Section 504 of the Rehabilitation Act). Defendant HABC contends that it was unaware that Madison had previously filed an EEOC charge against the company in January of 2020 and that she has generally failed to allege that she engaged in a protected activity by complaining about discriminatory conduct of which HABC had actual or constructive knowledge. (ECF No. 3-1 at 21-22.) Yet, the Fourth Circuit and this Court have held on numerous occasions that the mere act of requesting an accommodation is a protected activity. *See, e.g.*, *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 577 (4th Cir. 2015) ("Jacobs clearly engaged in protected activity by submitting a request for accommodation . . . ."); *Haulbrook v. Michelin North America*, 252 F.3d 696, 706 n.3 (4th Cir. 2001) ("Therefore, the first protected activity capable of grounding an ADA retaliation claim is Haulbrook's November 4 request for reasonable accommodation."); *Wilson v. Montgomery Cnty. Coll. Bd. of Trs.*, No. PWG-17-2784, 2021 WL 1102341, at *6 (D. Md. Mar. 23, 2021) ("A request for accommodation is a protected activity under the ADA . . . ."). The Defendant does not deny that Madison requested accommodations in this case.

## CONCLUSION

Madison has asserted a plausible claim for relief in all six counts of her Complaint. Accordingly, Defendant HABC's Motion to Dismiss or in the Alternative, for Summary Judgment (ECF No. 3), construed as a motion to dismiss, is DENIED.

A separate Order follows.

Dated: July 13, 2021

                                                    /s/
                                     Richard D. Bennett
                                     United States District Judge